J-S74017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DUANE STAYS | |
| Appellant | No. 1412 EDA 2015 |

Appeal from the PCRA Order April 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008709-2008
CP-51-CR-0012245-2008

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                        **FILED DECEMBER 12, 2016**

Duane Stays appeals *pro se*[1] from the order that dismissed, without a hearing, his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Stays seeks relief from the judgment of sentence to serve an aggregate term of imprisonment of 15 to 30 years' imprisonment, imposed after he was found guilty by a jury of

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appointed counsel filed a **Turner/Finley** no merit letter and petition to withdraw, and the PCRA court granted appointed counsel leave to withdraw on April 10, 2015, in the same order that dismissed Stays' PCRA petition. **See Commonwealth v. Turner,** 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

aggravated assault, carrying a firearm without a license, possessing an instrument of crime, and possessing a controlled substance. Stays argues (1) "introduction into evidence of a prior inconsistent statement purportedly identifying the petitioner made by a non-party declarant [Ivan Williams] who was unavailable to testify at trial violated petitioner's rights under the [C]onfrontation [C]lause of the Sixth Amendment to the United States Constitution[,]" and (2) "trial counsel was ineffective for not objecting to the introduction of prior inconsistent statements, purportedly identifying the petitioner made by a non-party declarant [Ivan Williams], who was unavailable to testify at trial, because [the C]ommonwealth withheld impeachment evidence at the preliminary hearing[.]" Stays' Brief at 6. Based upon the following, we affirm.

The evidence presented at trial was set forth by this Court in its opinion issued in connection with Stays' direct appeal, as follows:

> The trial court, [t]he Honorable Rosalyn K. Robinson, summarized the facts and procedural history of this case as follows:
>
>> On the afternoon of June 22, 2008, two friends, Nasir Farlow and Ivan Williams, rode in Williams'[] car to the 1600 block of South Frazier Street in West Philadelphia to get some lunch. When they arrived at their destination, Farlow exited the car to go into the store. Without warning, three or four gunshots rang out and Farlow was shot twice, once in each leg. Williams drove Farlow to the hospital and was later questioned by police.
>>
>> When police arrived on the scene, somebody told one of the officers that some neighborhood children had kicked shell casings into the sewer. When Detective Kenneth

Flaville arrived on the scene at the 1600 block of South Frazier Street, the sewer grate was lifted and a .40 caliber shell casing was indeed found inside the sewer.

Detective Flaville then questioned Ivan Williams about the shooting. Although Williams initially claimed that he did not know who had shot Nasir Farlow, he had a sudden change of heart and divulged much information about the shooter. He claimed that he had initially lied because he was afraid of what might happen to him and his family. Williams told Detective Flaville that the shooter was named Wayne, also called "Homicide Wiz," and provided a physical description. Williams also said that Wayne and Farlow had a prior disagreement and told [D]etective Flaville where Wayne lived. Detective Flaville transcribed the entire interview and had Williams read over it to make sure that it was all correct. Williams then initialed each page and signed his name at the end. At this same interview, Williams also identified a photo of the current defendant, Duane Stays, as Wayne, circled the picture, and signed his initials.

Detective Flaville used this information to obtain a search warrant for the apartment that Ivan Williams had said Wayne lived in. Upon execution of that warrant, Duane Stays was found in the apartment. A safe was also found that included marijuana, money, and a Glock Model 27 handgun. The handgun was a .40 caliber handgun that was later matched to the shell casing found in the sewer at the crime scene. The police also recovered a pay stub with Duane Stays' name on it and the address of the apartment that he was found in.

At the preliminary hearing, Ivan Williams' testimony was vastly different than his statement to the police. Williams claimed that he did not know anybody in the courtroom, that he had not seen anybody at the time of the shooting, and that he did not sign the photo array that featured a circled picture of Duane Stays. Duane Stays and his defense counsel were present at this hearing but declined to ask any questions on cross-examination.

Between the time of the preliminary hearing and trial, Ivan Williams was murdered. … At trial, the court reporter

from the preliminary hearing read Ivan Williams'[] testimony from that hearing into the record. In addition, Detective Flaville read Williams'[] statement from the police interview at trial. Flaville also testified that Williams had reviewed and signed the statement in its entirety.

Trial Court Opinion, 7/7/11, at 1-3.

The Commonwealth also called a ballistics expert from the Philadelphia Police Department, Firearms Identification Unit, who offered an expert opinion that, without "any doubt," the shell casing recovered from the storm sewer at 1600 South Frazier Street had been fired from the Glock handgun found in Duane Stays' apartment. Stays offered no testimony on his own behalf and presented neither fact nor character witnesses. …

*Commonwealth v. Stays*, 70 A.3d 1256, 1259–61 (Pa. Super. 2013).

Stays was convicted and sentenced, as stated above. On July 8, 2013, this Court affirmed the judgment of sentence. *See id.* Stays did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On April 29, 2014, Stays filed this first PCRA petition. Counsel was appointed and subsequently filed a no-merit letter and petition to withdraw from representation. The PCRA granted counsel's request to withdraw and, after providing Pa.R.Crim.P. 907 notice, dismissed Stays' petition. This appeal followed.

The legal principles that guide our review are well settled:

"[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. *Id.*, at 305 (citations omitted). To obtain PCRA relief, appellant must plead

and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived, *id.*, § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[,]" *id.*, § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" *Id.*, § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state postconviction proceeding." *Id.*, § 9544(b).

To be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975-76 (Pa. 1987)). Counsel is presumed to have rendered effective assistance. *Commonwealth v. Ali*, 608 Pa. 71, 10 A.3d 282, 291 (Pa. 2010). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Jones*, 590 Pa. 202, 912 A.2d 268, 278 (Pa. 2006). Finally, because a PCRA petitioner must establish all the *Pierce* prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis. *Ali*, at 291.

*Commonwealth v. Treiber*, 121 A.3d 435, 444–445 (Pa. 2015).

Furthermore,

[a] PCRA court is only required to hold a hearing where the petition, or the Commonwealth's answer, raises an issue of material fact. Pa.R.Crim.P. 909(B)(1)-(2). When there are no disputed factual issues, an evidentiary hearing is not required. *Id.*; *Commonwealth v. Morris*, 546 Pa. 296, 684 A.2d 1037,

- 5 -

> 1042 (Pa. 1996) (citation omitted). If a PCRA petitioner's offer of proof is insufficient to establish a prima facie case, or his allegations are refuted by the existing record, an evidentiary hearing is unwarranted. ***See Commonwealth v. Hutchinson***, 611 Pa. 280, 25 A.3d 277, 320 (Pa. 2011) (citation omitted); ***Commonwealth v. Walker***, 613 Pa. 601, 36 A.3d 1, 17 (Pa. 2011).

***Commonwealth v. Eichinger***, 108 A.3d 821, 849 (Pa. 2014).

The first issue presented by Stays in this PCRA appeal — that the trial court's admission of the prior inconsistent statement of Ivan Williams violated his rights under the Confrontation Clause of the Sixth Amendment — was raised and rejected on the merits by this Court in Stays' direct appeal. This Court held that an objection based upon the Confrontation Clause would have been meritless because Mr. Williams was unavailable at trial and there was an adequate opportunity to cross-examine him at the preliminary hearing. ***See Stays, supra,*** 70 A.3d at 1264–1266. Therefore, this claim is "previously litigated," and does not present a cognizable claim under the PCRA. ***See*** 42 Pa.C.S. § 9544(a)(2). ***See also*** 42 Pa.C.S. § 9543(a)(3).

Furthermore, because Stays' ineffectiveness claim is based on the above claim of trial court error that was rejected by this Court, Stays cannot satisfy the arguable merit prong of the ineffectiveness test. ***See Commonwealth v. Collins***, 888 A.2d 564, 573 (Pa. 2005) (noting that a derivative ineffectiveness claim "may fail on the arguable merit or prejudice

prong for the reasons discussed on direct appeal, [even though] a Sixth Amendment claim raises a distinct issue for purposes of the PCRA").[2]

Accordingly, the PCRA court properly dismissed Stays' PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2016

---

[2] We agree with the Commonwealth that while Stays alleged in his PCRA petition that "counsel did not have the opportunity to cross-examine as to pending charge [sic]," he has failed to demonstrate that trial counsel was unaware of any pending charges against Mr. Williams at the time of the preliminary hearing. **See** Commonwealth's Brief at 10.

We further note that the PCRA court, in denying Stays PCRA relief, relied upon appointed counsel's supplemental no-merit letter that advised the PCRA court that "Williams' prior charges for attempted murder, which was [sic] withdrawn before trial, and drug-related crimes, which resulted in convictions, would certainly have been inadmissible at trial because they were neither related to Stays' case nor crimen falsi that would have been admissible for impeachment purposes." PCRA Court Opinion, 12/23/2015, at 3. The PCRA court agreed with appointed counsel's analysis, **see id.**, and Stays does not offer any argument to this Court that the PCRA court erred in accepting the no-merit letter analysis.